**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HENRY I. CISCO,

        Plaintiff,

  - v -              Civ. No. 9:17-CV-347
                     (LEK/DJS)
DAVID STALLONE,

        Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HENRY I. CISCO<br>Plaintiff *Pro Se*<br>630 Shore Road, Apt. 210<br>Long Beach, NY 11561 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | NICOLE E. HAIMSON, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM DECISION and ORDER

  This action was commenced by Plaintiff *pro se* while he was incarcerated in the custody of the New York State Department of Corrections and Community Supervision. The Amended Complaint alleges generally that Plaintiff was repeatedly exposed to second hand smoke in his housing unit and that Defendant Stallone, then the Superintendent at the facility, was aware of this fact and failed to remedy the situation. *See generally* Dkt. No. 6. Plaintiff has now filed a motion for leave to file a Second Amended Complaint. Dkt No. 25.

## I. PLAINTIFF'S MOTION TO AMEND

Plaintiff's Proposed Second Amended Complaint asserts the same general substantive allegations presently pled in the Amended Complaint but against new defendants. Dkt. No. 25-2, Proposed Second Am. Compl.  Defendant does not oppose the Motion. Dkt. No. 27.

### A. Legal Standard for Motion to Amend

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (*citing Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002)). District courts are vested with broad discretion to grant a party leave to amend the pleadings. *See Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

For the reasons set forth below, the Motion for Leave to Amend is **granted in part and denied in part**.

## B. Analysis of Plaintiff's Motion

The Proposed Second Amended Complaint asserts an Eighth Amendment conditions of confinement claim. Specifically, Plaintiff alleges that while incarcerated at Cayuga Correctional Facility ("Cayuga") he was regularly exposed to high levels of second hand smoke which presented a significant danger to his health. He claims that he made prison officials, including Superintendent Jones, Deputy Superintendent McLellen, Doctor Keiser, and Corrections Officer Allen, aware of alleged ongoing violations of smoking prohibitions at the facility, that this was causing him medical problems, and that they deliberately refused to address the situation. Proposed Second Am. Compl., pp. 4-9.

Judge Kahn previously found that allegations of this type were sufficient to survive initial review against Defendant Stallone, the former Superintendent of Cayuga because Plaintiff had pled specific information regarding the nature of the allegations, the dates and means by which he communicated those complaints to Stallone and attached copies of those communications to the Complaint. Dkt. No. 10, pp. 4-5 (*citing Scott v. Hollins*, 2006 WL 1994757, at * 7 (W.D.N.Y. 2006)). The Proposed Second Amended Complaint makes nearly identical allegations as to Jones, the current Superintendent of Cayuga, and McLellen, the Deputy Superintendent for Administration at Cayuga, including the same level of detail regarding the nature and manner of Plaintiff's communications with these Defendants. Proposed Second Am. Compl., ¶¶ 1-9. Amendment to permit these claims is clearly warranted under Fed. R. Civ. P. 15.

The same is true of the claim made against Corrections Officer Allen. Plaintiff claims

that he directly advised Allen of the smoking problem in his housing unit, the medical impact it had on him, and offered a proposed solution to the problem. Proposed Second Am. Compl., ¶¶ 17 & 19. Plaintiff further alleges that Allen refused to direct inmates to comply with the no smoking policy, that he told Plaintiff that "he doesn't really care about" the smoking issue and that Plaintiff's alternative was "too much work." *Id.* at ¶¶ 18 & 20. Plaintiff has alleged that Officer Allen was made aware of conduct by inmates that was allegedly in violation of facility policy and harmful to Plaintiff and deliberately chose to do nothing about it. These allegations, as with those regarding the Superintendent and Deputy Superintendent sufficiently allege the elements of a conditions of confinement claim. *Scott v. Hollins*, 2006 WL 1994757 at * 7.[1]

After reviewing the Proposed Second Amended Complaint, the Court concludes that the similar claims against Doctor Keiser are not sufficiently pled to withstand a motion under Fed. R. Civ. P. 12(b)(6) and that amendment as to this Defendant would be futile. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d at 258. The proposed pleading does not assert claims against Keiser related to his actual medical treatment of Plaintiff. Instead, it appears that Plaintiff's allegation is simply that as a medical professional Keiser could have, but failed to, advise other correctional facility staff of the dangers of second hand smoke. While Plaintiff alleges that he discussed the dangers of second hand smoke with Dr. Keiser and requested his intervention regarding enforcement of the smoking policy at Cayuga, there is

---

[1] For these reasons the Proposed Second Amended Complaint is sufficiently pled as to these claims to withstand review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

no allegation that Keiser had any authority to regulate or control that policy at the facility. Nor is there any allegation that Keiser had any authority to direct inmates or security staff to comply with or otherwise change the facility smoking policy.  For these reasons, the Proposed Second Amended Complaint fails to allege Keiser's personal involvement.  *See e.g.*, *Hatzfield v. Goord*, 2007 WL 700961 at \*3 (N.D.N.Y. Feb. 28, 2007) (dismissing for lack of personal involvement because there was no allegation that defendant had the power to create or terminate the policy).  Leave to amend to add this claim, therefore, is denied as futile.

Accordingly, it is ordered that leave to file the Second Amended Complaint regarding claims against Jones, McLellan, and Allen is **granted**, but that leave to add the claims against Dr. Keiser be **denied**.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's Motion to Amend to be **GRANTED as to his claims against Superintendent Jones, Deputy Superintendent McLellen, and Corrections Officer Allen** and **DENIED as to his claims against Doctor Keiser**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Proposed Second Amended Complaint as the Second Amended Complaint in this action.  The Second Amended Complaint, **as modified herein**, will supersede and replace the previously filed Amended Complaint and will be the operative pleading; and it is further

**ORDERED** that the Clerk of the Court issue Summonses and forward them, along

with copies of the Second Amended Complaint, to the U.S. Marshal which shall serve[2] the Second Amended Complaint upon Defendants Jones, McLellen, and Allen and that the Defendants be directed to respond in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Date: January 31, 2018
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] Because Plaintiff was previously granted *in forma pauperis* status, he is entitled to have the U.S. Marshal execute service of process on his behalf. Plaintiff should note, however, that notwithstanding his *in forma pauperis* status, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.