UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENRY I. CISCO,

                Plaintiff,

    -against-                                  9:17-CV-0347 (LEK/DJS)

GERARD JONES, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Henry Cisco has sued defendants Gerard Jones, Mary McClellan, and Justin Allen (collectively, "Defendants")—all of whom are employees of New York State's Department of Corrections and Community Supervision ("DOCCS")—under 42 U.S.C. § 1983. Dkt. No. 30 ("Second Amended Complaint"). Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from second-hand smoke while he was imprisoned at Cayuga Correctional Facility ("Cayuga"). Id. Defendants moved for summary judgment under Federal Rule of Civil Procedure 56, Dkt. No 50 ("Summary Judgment Motion"), which Plaintiff opposed, Dkt. No. 61 ("Opposition").

Now before the Court is a report-recommendation filed by the Honorable Daniel J. Stewart, United States Magistrate Judge, recommending that the Court grant Defendants' Summary Judgment Motion because Plaintiff failed to exhaust his administrative remedies or, alternatively, because Plaintiff failed to raise a triable issue of fact on the merits of his Eighth Amendment claims. Dkt. No. 66 ("Report-Recommendation"). Plaintiff has objected to the Report-Recommendation. Dkt. No. 67 ("Objections"). For the following reasons, the Court

rejects Judge Stewart's exhaustion recommendation but adopts his recommendation as to the merits of Plaintiff's claims and, thus, grants Defendants' Summary Judgment Motion.

## II.   BACKGROUND

### A. Factual Background

Though the Report-Recommendation details the factual background of this case, R. & R. at 2–3, the Court briefly summarizes the relevant facts.

Plaintiff was imprisoned at Cayuga for slightly more than three years, from October 2014 to December 2017. Id. at 2. Though smoking indoors was prohibited at Cayuga, inmates regularly smoked in the bathroom of Plaintiff's housing unit. Id. Because of this, during his three years at Cayuga, Plaintiff was consistently exposed to second-hand smoke when he used the bathroom. Id. In November 2015, Plaintiff filed a grievance complaining about his exposure to second-hand smoke and proposing several remedial measures to address the problem. Id. However, apparently little was done to address Plaintiff's concerns. See Sec. Am. Compl.

Over a year-and-a-half later, in July 2017, Jones arrived at Cayuga to serve as Superintendent. R. & R. at 2–3. McClellan arrived a few months later, in September 2017, to serve as Deputy Superintendent. Id. at 3. Allen began working at Cayuga as a Correction Officer in 2012, but was posted outside in the yard until September 2017 when he began taking occasional shifts in Plaintiff's housing unit. Id.

In October 2017, because Plaintiff was still being exposed to second-hand smoke, he mailed a letter to Jones and McClellan asking them to implement the anti-smoking measures he had proposed in his earlier 2015 grievance. Id. He also showed Allen a copy of his grievance sometime after Allen began working in Plaintiff's housing unit. Id.

Based on these events, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from the harmful effects of second-hand smoke. See Sec. Am. Compl.

**B. Defendants' Summary Judgment Motion and Judge Stewart's Report-Recommendation**

Defendants moved for summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"); (2) Plaintiff failed to raise a triable issue of fact as to the merits of his Eighth Amendment failure-to-protect claim; (3) Plaintiff could not show that Defendants had been personally involved in the alleged constitutional deprivation; and (4) Defendants were entitled to qualified immunity. Dkt. No. 50-13 ("Defendants' SJ Memorandum").

In the Report-Recommendation, Judge Stewart found that Plaintiff had not exhausted his administrative remedies and that, even if he had, his claim failed on the merits.[1] R. & R. at 5–19. On either of these alternative bases, Judge Stewart recommended dismissal of Plaintiff's suit. Id. at 10–19.

**C. Plaintiff's Objections**

Plaintiff purports to object to the Report-Recommendation "in its entirety." Objs. at 1. However, he appears only to attack Judge Stewart's recommendation as to exhaustion, stating that he "preserved his right to sue on the merits" because he "appealed" his grievance "on or about May/June 2016." Id. Plaintiff continues, "The Fed. R. Civ. Procedure do[] not state [that] repetitious grievances [must] be filed." Id. Notably, Plaintiff's Objections contain no argument,

---

[1] Because either of these alternative holdings disposed of Plaintiff's claims, Judge Stewart declined to address Defendants' personal involvement and qualified immunity arguments. See R. & R. at 19 n.3.

3

assertion, or mention of Judge Stewart's recommendation that the Eighth Amendment claims cannot survive summary judgment on the merits.

## III. STANDARD OF REVIEW

### A. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, "if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." Sheffer v. Fleury, No. 18-CV-1180, 2019 WL 4463672, at *2 (N.D.N.Y. Sept. 18, 2019) (Kahn, J.); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Summary Judgment

A court may grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of

fact could find in favor of the nonmoving party should summary judgment be granted."). "The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact." Doe v. Patrick, No. 17-CV-846, 2020 WL 529840, at *6 (N.D.N.Y. Feb. 3, 2020) (Kahn, J.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Similarly, a party is entitled to summary judgment when the nonmoving party has failed 'to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Id. at *6 (quoting Celotex, 477 U.S. at 322).

In attempting to repel a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Thus, "a court's duty in reviewing a motion for summary judgment is 'carefully limited' to finding genuine disputes of fact, 'not to deciding them.'" Kampfer v. Argotsinger, No. 18-CV-7, 2020 WL 906274, at *4 (N.D.N.Y. Feb. 25, 2020) (Kahn, J.) (quoting Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994)).

## IV. DISCUSSION

### A. Judge Stewart's Merits Recommendation

Though Plaintiff claims to object to the Report-Recommendation "in its entirety," nothing in his Objections addresses Judge Stewart's recommendation that Plaintiff has failed to raise a triable issue of fact on the merits of his Eighth Amendment claims. See Objs. Therefore, the Court reviews this portion of the Report-Recommendation only for clear error. See Petersen

v. Astrue, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (stating that de novo review of a report-recommendation only results from "*specific*" objections and that, where objections are "*general*" or a portion of the report-recommendation is unobjected to, "the Court subjects that portion of the report-recommendation to only a *clear error* review") (emphasis in original). The Court finds no clear error in this portion of the Report-Recommendation, and therefore approves and adopts Judge Stewart's recommendation that the Court grant summary judgment to Defendants on the merits.

### B. Judge Stewart's Exhaustion Recommendation

Plaintiff objects to Judge Stewart's alternative holding that Plaintiff failed to exhaust his administrative remedies as to Jones, McClellan, and Allen, asserting that he fully appealed his grievance and "[t]he Fed. R. Civ. Procedure do[] not state repetitious grievances be filed." Objs. at 1. Because Judge Stewart's merits recommendation alone resolves Defendants' Summary Judgment Motion, the Court need not reach the exhaustion recommendation nor Plaintiff's objection to it. Nevertheless, for the sake of clarity and completeness, the Court rejects the exhaustion recommendation.

First, some background. The PLRA requires an inmate to exhaust all of her or his administrative remedies before bringing a lawsuit about prison conditions under § 1983. See 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life."); Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (exhaustion in cases covered by the PLRA is mandatory); Woodford v. Ngo, 548 U.S. 81, 94 (2006) (exhaustion must be "proper," which means using all steps of an agency's administrative process). Defendants argued that Plaintiff had failed to satisfy the PLRA's exhaustion requirement because he filed his sole grievance about second-hand smoke in 2015, "when Defendant Jones and McClellan were not yet employed at Cayuga[] and before Defendant

6

Allen had ever worked in [Plaintiff's] housing unit." R. &. R. at 7 (citing Defs.' SJ Mem. at 3). Judge Stewart agreed, stating that "[a] grievance [] must place defendants on notice of what, substantively is claimed in order to permit a proper investigation," id. at 8 (quoting Messa v. Woods, No. 07-CV-306, 2009 WL 3076120, at *7 (N.D.N.Y. Sept. 23, 2009)), and finding that "Plaintiff's grievance about [second-hand smoke] in 2015 could not have put Defendants on notice as to Plaintiff's claim that these Defendants were not sufficiently enforcing the policy prohibiting indoor smoking," id.

Judge Stewart was undoubtedly correct when he stated that, to properly exhaust administrative remedies, a grievance must generally put a defendant on notice of the basis for the plaintiff's claims. See Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) ("The PLRA's exhaustion requirement is designed to 'afford [] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" (quoting Porter v. Nussle, 534 U.S. 516, 524–25 (2002))). For this reason, the general rule when an inmate "asserts claims based upon events that occurred *after* the inmate filed [her or] his administrative grievance" is that the inmate must "separately grieve the later-occurring incidents" so as to put the defendants on notice and give them time to address the inmate's concern. See Alster v. Fischer, No. 09-CV-6510, 2017 WL 3085842, at *9 (W.D.N.Y. July 20, 2017); see also, Reeder v. Uhler, No. 16-CV-1161, 2019 WL 5197560, at *6 (N.D.N.Y. Sept. 10, 2019) ("Grievances filed in April and June 2015 . . . do not [exhaust] . . . conduct that is not alleged to have occurred until November 2015."), report and recommendation adopted by No. 16-CV-1161, 2019 WL 4686351 (N.D.N.Y. Sept. 26, 2019).

However, the Second Circuit has crafted an exception to this rule for cases "in which a prior grievance identifies a specific and continuing complaint that ultimately becomes the basis for a lawsuit." Johnson v. Killian, 680 F.3d 234, 239 (2d Cir. 2012); see also Telesford v.

7

Wenderlich, No. 16-CV-6130, 2018 WL 4853667, at *7 (W.D.N.Y. Oct. 5, 2018) (stating that Johnson exception applies where grieved incident and later-occurring incidents involve the "same problem"). As more fully explained by another court in this circuit:

> In Johnson, the Second Circuit held that [an inmate-plaintiff] had exhausted his administrative remedies when he filed, and exhausted, a grievance in 2005 challenging the facility's prayer polices. Id. at 236–37. After Johnson filed his grievance, the facility ceased enforcing the relevant policy. Id. at 237. In 2007, a new warden was appointed, and the challenged policy was reimplemented and consistently enforced. Id. Plaintiff filed a complaint without exhausting his administrative remedies regarding the re-implementation of the challenged policy. Id. The court held that plaintiff sufficiently complied with the exhaustion requirement by challenging the identical policy in 2005, notwithstanding a "different set of circumstances" in 2007. Id. at 238–39. The court held that "the issue that Johnson would have raised in 2007—the inadequacy of the spaces and times allotted for congregational prayer—was identical to the issue he exhausted in 2005." Id. at 239.

White v. Williams, No. 12-CV-1892, 2016 WL 1237712, at *7 (N.D.N.Y. Jan. 11, 2016), report and recommendation adopted by No. 12-CV-1892, 2016 WL 1239263 (N.D.N.Y. Mar. 29, 2016). Such an exception comports with the PLRA's notice rationale, see Messa, 2009 WL 3076120, at *7, because the earlier "grievance provide[s] the prison *administration* with notice of, and an opportunity to resolve[] the . . . problem," Johnson, 680 F.3d at 238 (emphasis added), even if the individual officials have changed and do not personally have notice,[2] see id. at 237–38 (2005 grievance satisfied exhaustion requirement as to Warden who was appointed in 2007).

Here, the conduct that formed the basis of Plaintiff's suit was sufficiently similar to the conduct described in Plaintiff's 2015 grievance to fall within the Johnson exception. In his 2015 grievance, Plaintiff complained that inadequate enforcement of Cayuga's indoor smoking ban

---

[2] A court, however, would still need to determine whether the individual officials were personally involved in the incident resulting in the plaintiff's claim. See Cantey v. Martuscello, No. 17-CV-284, 2020 WL 1030646, at *4 (N.D.N.Y. Mar. 3, 2020) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (Kahn, J.) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

exposed him to second-hand smoke when he used the bathroom in his housing unit. See Sec. Am. Compl., Ex. E ("2015 Grievance"). In this lawsuit, Plaintiff complains that inadequate enforcement of Cayuga's indoor smoking ban continues to expose him to second-hand smoke when he uses the same bathroom in the same housing unit. See Sec. Am. Compl. Therefore, Plaintiff's "prior grievance identifie[d] a specific and continuing complaint that . . . bec[a]me[] the basis for [this] lawsuit," see Johnson, 680 F.3d at 239, and satisfied the PLRA's exhaustion requirement. The Court thus rejects the Report-Recommendation's exhaustion holding.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 66) is **APPROVED and ADOPTED** as to the merits of Plaintiff's Eighth Amendment claims but **REJECTED** as to exhaustion; and it is further

**ORDERED**, that Defendants' Summary Judgment Motion (Dkt. No. 50) is **GRANTED** on the basis that Plaintiff has failed to raise a triable issue of fact on the merits of his claims; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 12, 2020
             Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge